IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Alan H. Markwell, | : | |
| Plaintiff | : | Civil Action 2:14-cv-00047 |
| v. | : | Judge Graham |
| Joe Murphy, | : | Magistrate Judge Abel |
| Defendant | | |
| | : | |

**Report and Recommendation**

Plaintiff Alan H. Markwell brings this action under 42 U.S.C. § 1983 alleging that defendant Joe Murphy was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment. This matter is before the Magistrate Judge in accordance the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on defendant Joe Murphy's October 31, 2014 motion for judgment on the pleadings. (Doc. 8.)

    **I.**    **Allegations in the Complaint**

The complaint makes the following allegations. Defendant Joe Murphy intentionally interfered with the medical treatment prescribed by plaintiff's attending doctor. Plaintiff seeks to enjoin Murphy from providing medical care.

On August 22, 2013, defendant Murphy made an unauthorized medical visit to plaintiff by approaching plaintiff at his prison bunk bed and advising him about the proper usage of his knee brace. Murphy acted with reckless disregard concerning plaintiff's health and welfare and purposefully caused Maxwell unnecessary physical

pain and suffering. Defendant Murphy issued a falsified prisoner disciplinary conduct report demonstrating his intent to retaliate against plaintiff and to deflect his malice and intent to cause additional injury to plaintiff by imposing solitary confinement and punitive segregation because of plaintiff's persistent complaints regarding his medical care.

The complaint alleges that plaintiff was issued defective knee braces, which were sufficient until they fell apart due to dry rot. He was not given approval to have the braces repaired. His knee braces were replaced with neoprene sleeves without plaintiff being seen by his doctor. Plaintiff's kites concerning the knee braces were not addressed. The neoprene sleeves caused plaintiff medical complications. Following his August 23, 2013 information complaint resolution, Murphy became very aggressive with plaintiff. Plaintiff was handcuffed and escorted to segregation. This act was taken in order to make plaintiff accept the neoprene sleeves and stop filing complaints. Defendant wrote a false ticket against plaintiff and failed to articulate what direct order Markwell violated. The ticket blatantly demonstrates that Murphy issued the ticket in retaliation for Markwell's persistent medical requests. Murphy did not sign the ticket himself. Instead he had another staff member sign it who was not involved and did not witness plaintiff's alleged violation. The ticket was reversed on appeal and later removed from plaintiff's record.

II.     **Arguments of the Parties**

    A.     **Defendant Joe Murphy**[1]

Defendant argues the plaintiff has failed to allege that he received constitutionally deficient medical care. Plaintiff alleges that defendant made an attempt" to knowingly and purposefully cause plaintiff pain and suffering. The only harm alleged is discomfort, pain, red marks, a skin rash or inflammation irritation from the smaller sleeves, which were replaced. These allegations do not amount to a deliberate indifference to serious medical needs. Where medical treatment has been administered, as here, the prisoner must demonstrate the treatment was so woefully inadequate that it amounts to not treatment at all. Defendant maintains that plaintiff has not met this standard. The complaint alleges that plaintiff's knee braces were falling apart. As a result, he was issued neoprene sleeves. When the first pair were too small, he received a larger size. Plaintiff complains that he did not receive hinged metal braces, but he does not allege that the larger sleeves were deficient. Plaintiff's allegation that defendant made an unauthorized medical visit does not state a claim upon which relief may be granted. Defendant checked on plaintiff as a result of his complaints related to his knee braces. While doing so, he noted that plaintiff was not wearing his braces.

Defendant also argues that plaintiff fails to state a claim for retaliation in violation of the First Amendment. Defendant maintains that plaintiff fails to

---

[1]Although an answer was filed on defendant Murphy's behalf, he has not been served. *See* doc. 7.

3

demonstrate a causal connection between asking for knee braces and having a conduct report issued. The exhibit attached to the complaint shows that plaintiff became belligerent when defendant noted plaintiff was not wearing his knee braces. Defendant further asserts that the ticket was valid and that it was overturned based on a procedural deficiency. Defendant argues that to the extent that plaintiff claims that being held in segregation for less than three hours violated his constitutional rights, prisoners have no constitutional right to be free from segregation.

### B. Plaintiff Alan H. Markwell

Plaintiff argues that defendant is not entitled to judgment on the pleadings because defendant Murphy was aware of both the facts from which an inference could be drawn that a substantial risk of serious harm existed and that he drew this inference. Plaintiff maintains that Murphy exhibited a conscious disregard of the substantial risk of harm to plaintiff when placing him in segregation. According to plaintiff, Murphy was aware that Markwell had been diagnosed with serious knee problems, which shows that Murphy was aware that plaintiff had an urgent condition involving knee degeneration and extreme pain. Plaintiff argues that defendant Murphy placed him in segregation even though no valid conduct report was issued.

### III. Judgment on the Pleadings

In ruling on a motion for judgment on the pleadings, the Court accepts all well-pleaded material allegations of the complaint as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007). The Court must then decide whether the

4

moving party is entitled to judgment as a matter of law. *Id.* This is the same standard applied in deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Id.*

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court

cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

To survive a motion to dismiss under Rule 12(b)(6), the allegations in a complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555.

### IV. Discussion

#### A. Deliberate Indifference to a Serious Medical Need

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate an Eighth Amendment deprivation, a prisoner must show that a prison official acted with deliberate indifference to his serious medical needs. *Estelle*, 429 U.S. at 103-04. Prison officials are liable only if they know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for

commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Mere negligence does not constitute deliberate indifference. *See, Estelle*, 429 U.S. at 106. Further, a prisoner does not state a claim merely by pleading that he disagrees with the diagnosis or treatment. *Estelle*, 429 U.S. at 107-08; *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, plaintiff's allegations do not allege a violation of his Eighth Amendment rights. Although plaintiff expressed dissatisfaction with the knee braces provided by the prison, he acknowledges that he was provided with a replacement when the first pair were too small. Plaintiff requested knee braces rather than the neoprene sleeves he received. Not every claim by a prisoner that he receiving inadequate medical care states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. When medical treatment has been administered, a prisoner must show that the treatment was "so woefully inadequate as to amount to no treatment at all" to constitute a violation of the Eighth Amendment. *Westlake*, 537 F.2d at 860-61 n. 5. Plaintiff's knee braces were replaced twice. Although he was not provided hinged mental braces as he requested, there are no allegations that a support a finding that the neoprene sleeves were so inadequate as to amount to a deliberate indifference to his serious medical needs.

### B. Retaliation

A claim for a First Amendment retaliation has three elements: the plaintiff engaged in protected conduct, the defendant took an adverse action against the

plaintiff, and this adverse action was taken because of the protected conduct. *Thaddeus-X, et. al. v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Markwell easily satisfies the first element because a prisoner has a constitutional right to file grievances against prison officials. *Smith v. Campbell*, 250 F.3d 1032, 1037 (2001) (citing *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).

The second element of a First Amendment retaliation claim is a showing that an adverse action was taken. *Thaddeus-X*, 175 F.3d at 396. In order to determine whether actions of lesser severity merit being deemed "adverse" for purposes of a retaliation claim, we adopt the standard suggested by Judge Posner in *Bart v. Telford*, 677 F. 2d 622, 625 (7th Cir. 1982), that an adverse action is one that would "deter a person of ordinary firmness" from the exercise of the right at stake. *Thaddeus-X*, 175 F.3d at 396. Markwell alleges that he was placed in segregation and that defendant issued a false conduct report against him. These allegations are sufficient to constitute an adverse action.

Finally, Markwell must demonstrate that there is a causal connection between the protected conduct, complaining about his knee braces, and the adverse action. "[T]he plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity. *Thaddeus-X*, 175 F.3d at 399. Once the plaintiff has met this burden, if the defendant can show that the same action would have been taken in the absence of protected activity, the defendant is entitled to prevail on summary judgment. *Id*." *Smith, Jr. v. Campbell*, 250 F.3d 1032, 1038 (2001).

8

On July 11, 2013 plaintiff filed an Informal Complaint Resolution stating that his knee braces had suffered dry-rot and that he had been referred to Nurse Eller. The informal complaint asserts that Eller failed to respond to Markwell's kite concerning the braces. Markwell requested that his knee braces be temporarily repaired and that he be provided new braces. Doc. 3-6 at PageID# 54.  The complaint alleges that defendant Murphy visited him and caused him to be placed in segregation based on Markwell's complaints regarding his knee braces.  Murphy's apparent purpose in visiting plaintiff was to discuss the proper use of the knee braces. The complaint alleges that Murphy intended to prevent plaintiff from complaining further about the braces. Murphy, however, was not named in the informal complaints concerning his knee braces. The complaint alleges that when Murphy approached him, he intended to secure plaintiff's acceptance of the neoprene sleeves. The complaint further alleges that because the ticket does not identify what direct order Markwell violated and that a staff member other than Murphy signed the ticket, plaintiff has shown that Murphy's actions were retaliatory in nature. These allegations are not sufficient to demonstrate a causal connection between plaintiff filing a complaint and Murphy's conduct. Plaintiff concedes that Murphy approached him in response to the complaints, but this fact alone does not demonstrate that Murphy's conduct was retaliatory in nature. The purpose of filing an informal complaint is to permit prison staff to resolve complaints. The facts that plaintiff was subject to discipline during the interaction between him and Murphy

and that the ticket was ultimately reversed in plaintiff's favor are not sufficient allegations to support a claim for retaliation.

V.     **Conclusion**

The Magistrate Judge RECOMMENDS that defendant Joe Murphy's October 31, 2014 motion for judgment on the pleadings  (doc. 8) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

                                                                s/Mark R. Abel                       
                                                                United States Magistrate Judge